**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| SUE E. STEELE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-1137 |
| ) | |
| TBI AIRPORT MANAGEMENT, INC., ) | |
| A Delaware Corporatopm, and ) | |
| DUSTIN RANDMAN, an individual, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On June 10, 2008, Plaintiff Sue E. Steele filed a Complaint for damages alleging negligence against Defendants, TBI Airport Management, Inc. and Dustin Randman in the United States District Court for the Central District of Illinois, Peoria Division.  In her Complaint, Plaintiff alleges she was injured by Defendants at the Hartsfield Jackson Atlanta International Airport on August 10, 2006.

On June 11, 2008, Plaintiff's counsel filed a Certificate of Service of Notice of Lawsuit and Request to Waive Service of a Summons on attorney Edward McMurrer of New York.  There is no indication that this Waiver of Service was ever executed or returned.

On June 16, 2008, the Court directed Plaintiff to supplement her Complaint to include information to indicate why the Court had jurisdiction over the action.

On June 25, 2008, Plaintiff filed an Amended Complaint. Plaintiff's counsel never filed a Proof of Service of this Amended Complaint on Defendants. Defense counsel never entered an appearance or made any pleading in this Court.

On November 5, 2008, Magistrate Judge Byron G. Cudmore directed Plaintiff to serve Defendants within 120 days of filing the Amended Complaint and file a status report by November 17, 2008.

On November 17, 2008, the date of the deadline, Plaintiff filed a Motion to Transfer Venue. This Motion reflects proof of service on attorney Anne M. Landrum of Atlanta, Georgia, on November 17, 2008. Attorney Landrum never filed a Response to the Motion so this Court will accept Plaintiff's assertions in the Motion as true:

- On July 21, 2008, Defense counsel contacted Plaintiff's counsel and objected to personal jurisdiction.
- Counsel reached an agreement whereby the jurisdiction question would be addressed before service of process and that because of this agreement, Defendants were never served.
- Counsel reached a second agreement whereby Plaintiff would file a second Complaint in the United States District Court of the Northern District of Georgia, Atlanta Division. That Complaint was filed on August 11, 2008.
- Waiver of Service was executed on September 23, 2008, by Attorney Landrum.
- Defendants filed an Answer on November 3, 2008, including a claim that the Complaint was not timely because Plaintiff filed her Complaint on August 11, 2008, instead of on or before August 10, 2008. August 11, 2008, is two years

2

and one day from the date of the incident in question (August 10, 2008, fell on a Sunday).

28 U.S.C. § 1406 provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it is be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Court finds that this case should be transferred to the Northern District of Georgia under these circumstances because it is in the interest of justice to have the action decided on the merits. Steele's Motion to Transfer is GRANTED.

## CONCLUSION

For the foregoing reasons, this Court TRANSFERS the above-titled action to the United States District Court of the Northern District of Georgia, Atlanta Division.

ENTERED this 29th day of December, 2008.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge